DECISION ON MOTION FOR A PROTECTIVE ORDER
Defendants/Third-Party Plaintiffs Jennifer and Dennis Sousa (Defendants) seek a protective order prohibiting the depositions of contractors Frank Simonelli and Chris Kelly in the within action. Defendants are the sellers of a home located at 10 Gleaner Chapel Road. In their complaint, Plaintiffs Thomas and Bonnie Ruotolo (Plaintiffs) allege fraud, misrepresentation, breach of contract, negligence, and breach of warranty with respect to the sale of that home. Plaintiffs now seek to depose Mr. Simonelli, the builder of Defendants' new home, and Mr. Kelly, a contractor Defendants interviewed to build their new home, following the sale of 10 Gleaner Chapel Road. In objection, the Defendants argue that the depositions are beyond the scope of appropriate discovery as the testimony of the contractors is neither material nor relevant under Rule 26 of the Rhode Island Rules of Civil Procedure.
Relevancy, as it applies in matters of discovery, is liberally construed to provide for a broad scope. Travelers Ins. v. Hindle,748 A.2d 256, 259 (R.I. 2000) (citation omitted.) "The test to be applied is whether the material sought is relevant to the subject matter of the suit, not whether it is relevant to the precise issues presented by the pleadings." DeCarvalho v. Gonsalves, 106 R.I. 620, 627, 262 A.2d 630,634 (1970). However, the boundaries of relevancy within the context of discovery are not endless, so a party may not engage in a fishing expedition in pursuit of evidence. Id. Essentially, "discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Wright, Miller Kane, Federal Practice and Procedure: Civil 2d § 2008 at 108-09 (1994) (emphasis added). *Page 3 
In the matter before the Court, Plaintiffs have alleged fraud, the proof of which "depends so much upon . . . [the] . . . number and connection," of the separate fraudulent acts, that the courts are not inclined to limit the evidence of fraud to the fraudulent act itself, but allow a wide range of testimony and investigation to show fraudulent intent. Gardiner v. Grove, 84 A. 794 (R.I. 1912); see also Salmeron v.Highland Ford Sales, Inc., 220 F.R.D. 667, 670-71 (D. N.M. 2003) (Court allowed depositions of other purchasers from same seller in order to allow Plaintiff to prove pattern or practice of fraud). It is well settled that fraud, which requires proof of knowledge and intent, is seldom proven by direct evidence. See Bitting v. Gray, 897 A.2d 25, 34
(R.I. 2006); see also 37 Am. Jur. 2d Fraud and Deceit § 471 (2001) ("Because intent to defraud is rarely provable by direct evidence, it may be inferred from the totality of the circumstances for purposes of a fraud claim.").
Here Plaintiffs seek information concerning fraud with respect to the purchase of the Gleaner Chapel Road home. Conversations and actions with Frank Simonelli, the subsequent-hired builder for the replacement home for the Defendants-albeit two years after the sale of the Gleaner Chapel Road home-conceivably could produce information relevant to those fraud allegations. Accordingly, the Defendants' motion for a protective order prohibiting the deposition of Frank Simonelli is denied. However, unlike Mr. Simonelli, Chris Kelley was merely interviewed but never hired with respect to the building of the home that followed the Gleaner Chapel Road home. Accordingly, this Court grants Defendants' protective order with respect to his deposition, finding no reasonable possibility of its rendering information relevant to the subject matter of the action.
 Counsel shall submit the appropriate order for entry. *Page 1